

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | |
|---|---|
| Eugene Vercek, | ) Docket No. 2017-06-0219 |
|      Employee, | ) |
| v. | ) |
| Yellow Road Corp., | ) State File No. 29251-2016 |
|      Employer, | ) |
| And | ) |
| Old Republic Ins., | ) Judge Kenneth M. Switzer |
|      Carrier. | ) |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS
## (DECISION ON THE RECORD)

This matter came before the undersigned Workers' Compensation Judge on April 21, 2017, on Mr. Vercek's Request for Expedited Hearing without an evidentiary in-person hearing.[1] The Court reviewed the file and held that it needed no additional information to render a decision on the record without an in-person hearing.

The present focus of this case is whether Mr. Vercek is entitled to additional medical benefits, specifically shoulder surgery. The central legal issue is whether Mr. Vercek came forward with sufficient evidence demonstrating he is likely to prevail at a hearing on the merits that he suffered an aggravation of a pre-existing condition arising primarily out of and in the course and scope of his employment and resulting in the need

---

[1] YRC objected to the Court conducting a decision on the record. The Court conducted a hearing on the objection and ultimately overruled it. Afterward, the parties agreed, for the sake of judicial economy and efficiency, that this Court may limits its consideration of the evidence to the deposition transcript of Dr. R. Ed Glenn and the exhibits to it. The Court subsequently winnowed the exhibits to the deposition transcript even further, mindful of the Appeals Board's caution in *Love v. Delta Faucet,* 2016 Tenn. Wrk. Comp. App. Bd. LEXIS 45, at *9-11 (Sept. 19, 2016). Court staff asked the parties to review the abbreviated exhibit, and they agreed it contained all the necessary information for the Court to make its determination. The Court appreciates Counsel's willingness to cooperate on matters that expedite its decision-making.

1

for medical treatment. Both parties rely principally on the portions of the deposition testimony of the authorized treating physician that favor their positions. Upon considering the evidence as a whole, the Court holds Mr. Vercek satisfied his burden and orders the requested relief.

## History of Claim

The submitted materials reflect the following facts. On April 16, 2016, Mr. Vercek sustained a right-shoulder injury; specifically, he cranked a trailer dolly and felt a sudden "pop" in his shoulder. He sought treatment at St. Thomas West Hospital and Concentra, where providers referred him for evaluation by an orthopedic specialist. YRC provided a panel of physicians, from which Mr. Vercek selected Dr. R. Edward Glenn.

Over the course of the next several months, Dr. Glenn evaluated and treated Mr. Vercek, ultimately recommending right-shoulder replacement surgery. YRC declined to authorize the procedure, asserting that Mr. Vercek suffers from a "longstanding, preexisting condition," and that "the injury at work is not the primary cause of [his] shoulder disease and need for shoulder replacement."

The parties deposed Dr. Glenn to obtain additional information about his opinion on causation. At the deposition, YRC's counsel walked him through each office visit in the notes to elicit his opinions, recapped below.

Starting with the first visit, Dr. Glenn took a history, examined Mr. Vercek and reviewed a recent MRI imaging study only. The study revealed severe arthritic change, degenerative tearing of the labrum and rotator cuff and joint effusion, which, per Dr. Glenn, are longstanding in nature rather than attributable to the work incident. (Ex. 1 at 7; Ex. 2 at 7-8.) Notes from this visit state that Mr. Vercek denied any previous issues with the right shoulder before the work event. The notes memorialized Dr. Glenn's initial opinion as follows:

> [A]n exacerbation of a pre-existing condition which was clinically silent before the work-related injury. . . . I cannot reliably say that the work-related injury caused the findings found on his MRI. I can state within a reasonable degree of medical certainty that the current constellation of symptoms are [sic] the result of the work-related injury and exacerbated the pathology seen on the MRI which was previously clinically silent and asymptomatic.

(Ex. 2 at 8; Ex. 1 at 9.)

After this visit and upon review of the MRI report, Dr. Glenn noted, and subsequently testified, that the report found underlying arthritic disease that is

2

"longstanding." (Ex. 2 at 10.) This prompted the adjuster, Kevin English, to ask his opinion on causation. Dr. Glenn responded, "[H]is imaging findings and changes found were longstanding and preexisting, and that these conditions were exacerbated by the work-related injury but were not the primary cause of his underlying shoulder disease." (Ex. 1 at 12; *see* Ex. 2 at 11.) Mr. English denied approval of the proposed surgery.

After the denial, Mr. Vercek's counsel sent Dr. Glenn two letters asking about causation. The first letter, dated November 28, 2016, asked whether it is Dr. Glenn's opinion "within a reasonable degree of medical certainty that Mr. Vercek's right shoulder injury of 4/16/2016 resulted in an exacerbation . . . of any pre-existing or degenerative right shoulder condition." Dr. Glenn checked the "yes" response. (Ex. 2 at 39.) In the second letter, dated January 20, 2017, Mr. Vercek's counsel asked if his "right shoulder injury of 4/16/2016 resulted in an aggravation of any pre-existing or degenerative right shoulder condition." Dr. Glenn checked "yes," and further indicated the recommended treatment is reasonable and medically necessary to treat the symptoms arising out of the work injury. (*See* Ex. 1 at 21-22; Ex. 2 at 36.) On cross-examination at the deposition, Mr. Vercek's counsel asked, "[I]s it your opinion that the aggravation of that [condition] arose primarily out of that incident that he described to you?" Dr. Glenn responded, "Correct." (Ex. 1 at 24.) At Mr. Vercek's second office visit, Dr. Glenn concluded his "current symptomology appears to be an exacerbation of a preexisting condition, based upon a reasonable degree of medical certainty and review of the images failing to demonstrate definite acute pathology." (Ex. 1 at 13; Ex. 2 at 12.)

In contrast, during the deposition, Dr. Glenn clarified that he meant the work injury when he spoke of a "definite acute pathology." (Ex. 1 at 13.) At the next office visit, Dr. Glenn determined that surgery was warranted. (Ex. 2 at 14; Ex. 1 at 15.) At his deposition, however, counsel for YRC asked whether the need for surgery is "a result of the longstanding arthritic problems that you've described," to which Dr. Glenn responded in the affirmative. (Ex. 1 at 15.) Likewise, Dr. Glenn testified as follows:

> Q: (By YRC's Counsel) With regard to Mr. Vercek's reported injury, work-related injury, did his conditions for which you treated him -- or did the injury for which you treated him arise primarily out of and in the course of that injury of April 16th, 2016, and -- and primarily has been defined by the legislature as greater than 50 percent?
>
> A: No, it did not.

(Ex. 1 at 19.)

Based upon the medical testimony, Mr. Vercek seeks an order that YRC provide

3

additional medical benefits and in particular authorize the recommended surgery.[2] YRC counters that Mr. Vercek did not suffer a compensable injury as defined in the statute and therefore it properly denied the claim.

## Findings of Fact and Conclusions of Law

The following legal principles govern this case. An aggravation of a pre-existing condition is a compensable injury when "it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A) (2016). As the Workers' Compensation Appeals Board explained in *Miller v. Lowe's Home Centers, Inc.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 40, at *13 (Oct. 21, 2015), "[A]n employee can satisfy the burden of proving a compensable aggravation if: (1) there is expert medical proof that the work accident "contributed more than fifty percent (50%)" in causing the aggravation, and (2) the work accident was the cause of the aggravation "more likely than not considering all causes." However, an employee need not prove each and every element of his or her claim by a preponderance of the evidence at an expedited hearing to obtain temporary disability or medical benefits but "must come forward with sufficient evidence from which the court can conclude that he or she is likely to prevail at a hearing on the merits, consistent with Tennessee Code Annotated section 50-6-239(d)(1)." *Id.,* citing *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Applying these principles to the facts of this case, the Court notes that both parties indicate that Dr. Glenn's opinion "clearly" supports their arguments and cite only the specific sections of the deposition and the records that support their positions. Neither party suggests a reading of the deposition as a whole. When considered as a whole, the Court finds Mr. Vercek's position more persuasive.

The overarching theme from the deposition and medical records is that Mr. Vercek suffered a compensable aggravation as defined in the statute and further explained in *Miller*. At almost every office visit, Dr. Glenn referred to the injury as an "exacerbation" of the arthritis that was previously asymptomatic.[3] Dr. Glenn stated an opinion favoring compensability in both causation letters and in his deposition testimony, where he

---

[2] The Dispute Certification Notice additionally lists temporary disability benefits as an issue. Mr. Vercek's brief further asks that this Court order YRC to pay for past unauthorized treatment, and for an award of reasonable attorney's fees and costs. However, Mr. Vercek offered no argument on his entitlement to this relief, so that the Court considers the requests waived for purposes of this order. Mr. Vercek may revisit these issues at a subsequent Expedited Hearing or at the Compensation Hearing.

[3] In *Miller,* the employer argued the terms "exacerbation and "aggravation" have specific meanings set forth in the AMA Guides. The Appeals Board held that "there is nothing in the statute indicating that the general assembly relied on the definitions of the terms "aggravation" and "exacerbation" as discussed above. *Miller, supra,* at *14-15.

4

concluded that the aggravation arose primarily out of the incident that Mr. Vercek described to him. Thus, the Court finds that Mr. Vercek is likely to prevail at a hearing on the merits that he suffered a compensable work-related injury on April 16, 2016, while cranking a trailer dolly. The difficult issue lies with the fact that this injury occurred in the context of a pre-existing condition.

Dr. Glenn referred to the pre-existing condition (arthritis) as "longstanding" and concluded that the work injury was not its primary cause – a point that Mr. Vercek does not dispute. The question then becomes whether the recommended shoulder treatment (shoulder replacement) is reasonable and necessary to treat the symptoms arising from the work-related injury. Dr. Glenn specifically answered "yes" to this question in the deposition and in the letter response to the January 20, 2017 inquiry from Mr. Vercek based upon a "reasonable degree of medical certainty." Dr. Glenn reached this conclusion with full knowledge of the pre-existing condition, in effect considering all causes. YRC raised no argument against the reasonable necessity of the procedure itself, focusing solely on the compensability of Mr. Vercek's claim.

In sum, the Court concludes that Mr. Vercek sufficiently demonstrated he is likely to prevail at a hearing on the merits that he suffered an aggravation of a pre-existing condition arising primarily out of and in the course and scope of his employment and resulting in the need for medical treatment. Therefore, the Court grants his requests for additional medical benefits, including the shoulder surgery.

**IT IS, THEREFORE, ORDERED** as follows:

1. YRC or its workers' compensation carrier shall provide Mr. Vercek with medical treatment, to include the recommended shoulder replacement surgery.

2. This matter is set for a Scheduling Hearing on **July 17, 2017, at 9:00 a.m. Central Time.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call may result in a determination of the issues without your further participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation

5

Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 27th day of April, 2017.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Deposition of R. Ed Glenn, M.D.
2. Exhibits to Dr. Glenn's Deposition
3. Denial letter

Technical record:
1. Petition for Benefit Determination
2. Employer's letter to the Mediation Specialist (position statement)
3. Dispute Certification Notice
4. Request for Expedited Hearing
5. Employee's Brief in Support of Request for Expedited Hearing
6. Objection to Expedited Hearing on the Record
7. Defendants' Opposition to Expedited hearing
8. Order Granting Request for Expedited Hearing as a Decision on the Record

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 27th day of April, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service Sent to: |
|---|---|---|---|---|
| Michael Fisher, Employee's attorney | | | X | mfisher@ddzlaw.com |
| Stephen Heard, Employer's Attorney | | | X | skheard@cclawtn.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov